**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ALTON D. BROWN, | Hon. Renée Marie Bumb |
| Plaintiff, | Civil No. 10-0943 (RMB) |
| v. |  |
|  | **MEMORANDUM OPINION** |
| PA. DEPT. OF CORREC., et al., |  |
| Defendants. |  |

**BUMB, District Judge**:

1. Pending before this Court are defendants' motion (docket entry #9) to vacate the Order (docket entry #2) entered March 15, 2010, to deny Plaintiff's application to proceed in forma pauperis and to dismiss the Complaint; Plaintiff's request (docket entry #12) for an extension of time to respond to the motion to dismiss; Plaintiff's request (docket entry nos. 13, 14) for entry of default and default judgment; Plaintiff's request (docket entry #15) to file an amended complaint; and Plaintiff's request (docket entry #16) for order requiring the Marshal to effectuate service. For the reasons expressed below, this Court will grant the motion to vacate the Order entered March 15, 2010, and deny Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(g), on the ground that, while incarcerated, Plaintiff has had at least three prior civil actions and/or appeals dismissed by a court of the United States on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, see, e.g., Brown

v. Brierton, Civil No. 91-0471 (M.D. Fla. 1991); Brown v. Brierton, C.A. No. 92-2030 (11th Cir. 1992); Brown v. Federal Laboratories, Inc., Civil No. 89-0507 (M.D. Fla. 1989), and Plaintiff is not in imminent danger of serious physical injury. See Brown v. Beard, C.A. No. 10-2180 order (3d Cir. Nov. 4, 2010) (denying motion to proceed in forma pauperis on appeal because Brown's imminent danger motion fails to demonstrate that he was "under imminent danger of serious physical injury" under 28 U.S.C. § 1915(g) and Abdul-Akbar v. McKelvie, 239 F. 3d 307, 312 (3d Cir. 2001) (en banc)). This Court will also deny defendants' motion to dismiss the Complaint without prejudice, and deny Plaintiff's requests as moot.[1]

---

[1] The Court takes this opportunity to note that the docketing history of this case has been incomplete. The instant action was reassigned to this Court from the Eastern District of Pennsylvania on April 26, 2010, four days after the defendants filed their motion to dismiss the complaint. [Dkt. Ents. 9-11.] Subsequent to the inter-circuit reassignment, Plaintiff filed several motions, as detailed above. This Court never received notification of these filings. In fact, the Court did not learn of these motions until it received electronic notification from the Court of Appeals for the Third Circuit of its denial of Plaintiff's petition for a writ of mandamus. See In re Alton D. Brown, Civil Action No. 10-4689, 2011 WL 213486 (3d Cir. Jan. 25, 2011). Even if the Court had received proper notification of Plaintiff's filings, it would not have been alerted to the mandamus petition, as it does not appear on the district court docket.

Given these docketing irregularities, the Court's deputy clerk has attempted to correct the problem going forward. In any event, because this Court finds that the Plaintiff should not have been entitled to proceed in forma pauperis in the first instance, these docketing errors have not prejudiced any party.

2. On March 3, 2010, Alton Brown, a Pennsylvania state prisoner, filed a request to proceed in forma pauperis with a Complaint under 42 U.S.C. § 1983 (docket entry #3) against several employees of the Pennsylvania Department of Corrections ("DOC defendants") and medical personnel contracted to provide medical services to Pennsylvania inmates ("medical defendants"). Plaintiff alleged in his 29-page handwritten Complaint that, since medical officials diagnosed Plaintiff with Hepatitis C in 2000, defendants conspired to deny adequate care for Hepatitis C, for an injury to his right knee on September 2, 2003, and for an injury to his head on March 28, 2006, and they conspired to retaliate against him for his litigious behavior in violation of the First and Eighth Amendments.

3. Since federal courts have repeatedly denied Plaintiff's requests for in forma pauperis status pursuant to 28 U.S.C. §

---

Relatedly, another case filed by the Plaintiff, Brown v. Lyons, Civil Action No. 10-3458 (E.D. Pa.), was reassigned to this Court on January 13, 2011. The Court notes that Plaintiff's application to proceed in forma pauperis has been pending since June 21, 2010, and Plaintiff's motion for preliminary injunctive relief has been pending since July 19, 2010. [Dkt. Ents. 1, 2.] Plaintiff filed an amended complaint on October 21, 2010, and an amended motion for preliminary injunctive relief on October 25, 2010. [Dkt. Ents. 4, 5.] The Court's research shows that this case was also the subject of Plaintiff's mandamus petition, although the Third Circuit did not address Civil Action No. 10-3458 in its January 25, 2011 Opinion. As noted, the Court has just received this case, but a decision will be filed this date. A copy of this Memorandum Opinion shall also be docketed in Civil Action No. 10-3458 (E.D. Pa.).

1915(g), Plaintiff includes the following specific allegations of imminent danger in the Complaint:

> 46. Plaintiff has been already diagnosed with something growing on his liver in 2000, and he is in <u>imminent danger</u> of contacting liver cancer, cirrhosis of the liver, or some other related disease, or death, if he is not provided with an adequate and sanitary diet designed to combat the damage caused by HCV.
>
> 47. Plaintiff's liver life has been substantially shorten[ed] by defendants' failure to provide him with an adequate and sanitary diet sufficient to meet the needs of a HCV patient, which has been continuous since 2000 and, he has been forced to consume a diet, for the past four years, that contained large amounts of process[ed] foods that contained ingredients toxic to HCV patients liver, unclean fruits and vegetables, meats that are high in fat, low in protein, meals prepared and served in an unsanitary manner, which resulted in unchecked damage to his liver and increased the risk of further serious injury to his liver, subjecting him to extreme anxiety, mental and emotional distress, and pain.
>
> 48. The damage caused to Plaintiff's liver is irreparable and continue[s] to worsen daily.
>
> \*       \*       \*
>
> 60. Defendants [caused] unchecked irreparable damage to his liver and an increased risk of harm to his liver, which has substantially shorten[ed] his life expectancy and caused severe anxiety and mental and emotional distress, and places him <u>in imminent danger</u> of contracting liver cancer, cirrhosis of the liver or related disease, or death.
>
> \*       \*       \*
>
> 95. Plaintiff is in imminent danger of further serious injury if this Court does not intervene to insure proper diagnoses and treatment [for an injury to his knee on September 2, 2003.]
>
> \*       \*       \*

4

137. Defendants fail to provide plaintiff with adequate and complete diagnosis and treatment for his head injury [on March 28, 2006,] because they were motivated by the desire to punish him because of his grievance filings and complaints against D.O.C. and P.H.S. staff.

138. As a result of defendants actions and inactions in an effort to punish Plaintiff or support the punishment of Plaintiff, he has suffered needless severe pain, which he continues to suffer, mental and emotional distress, aggravation of preexisting diseases, and is in imminent danger of further serious injury if this Court does not intervene.

(Docket Entry #3, pp. 14-15, 17, 22, 29.)

4. On August 30, 2010, Plaintiff filed a request (docket entry #15) to file an amended complaint, but he did not submit the proposed amended complaint and his submissions contained no allegations of imminent danger. Specifically, he sought to file an amended complaint based on the following:

The "Medical" Defendants ha[ve] filed a Motion to Dismiss, wherein they are claiming that Plaintiff has made insufficient pleadings, inter alia, thus, Plaintiff seeks to add facts in further support of his claims.

Rule 15(2) allows the court to freely allow amendments when justice requires.

(Docket Entry #15.)

5. The Prison Litigation Reform Act ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

5

United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

6. Because Plaintiff has had three prior qualifying dismissals, 28 U.S.C. § 1915(g) prohibits this Court from allowing him to bring this action in forma pauperis unless he is in imminent danger of serious physical injury. See Brown v. Beard, C.A. No. 10-2180 order (3d Cir. Nov. 4, 2010).

7. "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." Abdul-Akbar v. McKelvie, 239 F. 3d 307, 315 (3d Cir. 2001). "[A] prisoner's allegation that he faced danger in the past" does not satisfy § 1915(g)'s imminent danger exception. Id. at 311.

8. Plaintiff's submissions do not show that he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); Polanco v. Hopkins, 519 F. 3d 152, 154 n. 3, 155 (2d Cir. 2007) (prisoner was not in imminent danger of serious physical injury from health risks caused by exposure to mold in shower, retaliatory discipline consisting of confinement in the special housing unit, deprivation of a keeplock shower, denial of therapeutic diet causing weight loss, and exposure to germs which harmed his health that was weakened by Hepatitis B). Unless this Court requires abusive filers, such as Plaintiff, to demonstrate

imminence of the alleged danger, "any time that an otherwise disqualified prisoner alleges that any threat of physical injury occurred at any time, that prisoner [would] automatically qualif[y] for the imminent danger exception. [This] interpretation of the . . . exception thereby swallows the rule . . . . [W]e refuse to conclude that with one hand Congress intended to enact a statutory rule . . . but, with the other hand, it engrafted an open-ended exception that would eviscerate the rule." Abdul-Akbar, 239 F. 3d at 315.

9. Moreover, Plaintiff's allegations of imminent danger of serious physical injury here are essentially the same allegations he made to this Court in Brown v. Beard, Civ. No. 08-0743 (RMB) (E.D. Pa. filed Feb. 15, 2008), and to the Third Circuit in his application to proceed in forma pauperis on appeal, see Brown v. Beard, C.A. No. 10-2180 order (3d Cir. Nov. 4, 2010).[2]

---

[2] See also Brown v. Pennsylvania Dept. of Corrections, 129 S. Ct. 1405 (2009) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1"); Brown v. Blaine, C.A. No. 04-4618 (3d Cir. Aug. 19, 2005) (denying IFP status pursuant to § 1915(g)); Brown v. Blaine, C.A. No. 03-2439 (3d Cir. Mar. 18, 2004) (same); Brown v. Beard, 492 F. Supp. 2d 474 (E.D. Pa. 2007) (Brown's allegations that he is not being provided a diet appropriate for a prisoner with Hepatitis C, he had a heart attack in 2005, he has high cholesterol, irregular heartbeat, high blood pressure, and low blood sugar, and that the stress of incarceration contributes to his health risks, do not allege imminent danger of serious physical injury under § 1915(g)).

7

10. Because Plaintiff has had three qualifying dismissals and he is not in imminent danger of serious physical injury, see 28 U.S.C. § 1915(g), this Court will grant defendants' motion to vacate the Order entered March 15, 2010, and deny Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

11. This Court further will deny as moot defendants' motion to dismiss the Complaint and will deny as moot Plaintiff's requests for an extension of time to respond to the motion to dismiss, for entry of default, to amend the complaint, and to order the Marshal to effectuate service.  This Court will administratively terminate this action for statistical purposes. If Plaintiff prepays the $350.00 filing fee within 14 days of the date of the entry of the Order accompanying this Memorandum Opinion, then this Court will reopen the file and screen the pleadings for sua sponte dismissal pursuant to 28 U.S.C. § 1915A.

12. An appropriate Order accompanies this Memorandum Opinion.

                                     s/Renée Marie Bumb
                                     **RENÉE MARIE BUMB**
                                     **United States District Judge**

Dated: February 1, 2011