IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN,<br><br>      Plaintiff,<br><br>v.<br><br>PRISON HEALTH SERVICES, INC.,<br>et al.,<br><br>      Defendants. | Civil Action No.<br>10-0943 (RMB)<br><br>**MEMORANDUM ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

THIS MATTER comes before the Court upon pro se plaintiff Alton D. Brown's (the "Plaintiff's") motion for reconsideration of this Court's February 1, 2011 Order (the "Order"). [Dkt. Ent. 31.] That Order vacated a prior order in this case [Dkt. Ent. 2] and denied Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(g), on the grounds that, while incarcerated, Plaintiff has had at least three prior civil actions and/or appeals dismissed by federal courts because they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and because Plaintiff was not in imminent danger of serious physical injury. [Dkt. Ent. 18, p.1-2.] The Order also dismissed as moot Plaintiff's subsequently filed requests and the defendants' motion to dismiss. [Dkt. Ents. 9,

12-16.] Plaintiff now asserts several arguments in support of his motion for reconsideration. For the foregoing reasons, Plaintiff's motion is denied.

Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) allow motions for reconsideration of a judgment. Given "the interest in finality," however, courts should grant such motions sparingly. Rottmund v. Cont'l Assur. Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992) (internal citation omitted). They should reserve this remedy for instances where: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. Evans v. United States, 173 F. Supp. 2d 334, 335 (E.D. Pa. 2001), aff'd, 32 Fed. Appx. 31 (2002), cert. denied, 537 U.S. 887 (2002). "The parties are not free to relitigate issues which the court has already resolved." Rottmund, 813 F. Supp. at 1107 (citing Johnson v. Township of Bensalem, 609 F. Supp. 1340, 1342 (E.D. Pa. 1985) (internal quotations omitted)). Reconsideration is improper where the petitioner simply asks the court to "rethink what it had already thought through - rightly or wrongly." See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotations omitted). Mere dissatisfaction with the court's ruling does not warrant reconsideration. See Evans, 173 F. Supp. 2d at 335 (internal

citation omitted).

Plaintiff asserts several arguments, none of which point to an intervening change in controlling law or the availability of new evidence not previously available. Thus, the Court construes Plaintiff's motion as a request to correct a clear error of law or fact or prevent manifest injustice.

First, Plaintiff complains of this Court's bias against him, erroneously arguing that "the Court dismissed the Complaint against all defendants, even though it based its dismissal on the medical defendants' motion to dismiss[.]" (Pl.'s Recons. Br. 1 (emphasis in original).) In reality, this Court dismissed Plaintiff's application to proceed in forma pauperis and then denied as moot the defendants' motion to dismiss. [Dkt. Ents. 18-19.] In any case, Plaintiff may not overcome the high hurdle for reconsideration merely by alleging bias because this Court issued a ruling with which Plaintiff disagrees. "Adverse legal rulings are not proof of prejudice or bias and almost never a basis for recusal." Scocca v. Cendant Mortg. Corp., 197 Fed. Appx. 112, 114 (3d Cir. 2006), cert. denied, 550 U.S. 957 (2007), reh'g denied, 551 U.S. 1177 (2007) (citing Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Mass. Sch. of Law v. Am. Bar. Ass'n, 107 F.3d 1026, 1043 (3d Cir. 1997), cert. denied, 522 U.S. 907 (1997) (same).

3

Second, Plaintiff argues that the Court failed to provide Plaintiff with "notice and an opportunity to amend, as the law requires." (Pl.'s Recons. Br. 2.) Plaintiff cites to three cases for this proposition (id. (citing Higgins v. Beyer, 293 F.3d 683 (3d Cir. 2002); Rose v. Bartle, 871 F.2d 331 (3d Cir. 1989); Slangal v. Gitzin, 148 F.R.D. 691, 698 (D. Neb. 1993)), none of which relate to denials of in forma pauperis applications pursuant to 28 U.S.C. § 1915(g). Significantly, this Court's prior Order did not dismiss the Complaint, as Plaintiff appears to believe,[1] but merely denied Plaintiff's application to proceed in forma pauperis, as required by § 1915(g).[2] The Court notes that this provision has not blocked Plaintiff's access to the federal courts but merely restricted his privilege to proceed in forma pauperis. See, e.g., Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007); Bensinger v. Kunz, Civ. No. 98-6014, 1999 WL 79095, *2 (E.D. Pa. Jan. 20, 1999). He still has the right to file suit if he pays the requisite filing fee. See id. Accordingly, this Court's February 1, 2011 Order provided, "If

---

[1] Plaintiff argues: "The Court decided defendants' motion [to dismiss the Complaint] without giving Plaintiff an opportunity to respond or amend his complaint[.]" (Pl.'s Recons. Br. 1.)

[2] Section 1915(g) of Title 28 states:
In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff prepays the $350 filing fee within 14 days of [this Order] then this Court will reopen the file and screen the pleadings for sua sponte dismissal pursuant to 28 U.S.C. § 1915A." [Dkt. Ent. 18, ¶ 11.]

Finally, Plaintiff rehashes the same arguments he made to the Court earlier, concerning the imminent danger of serious physical injury that he allegedly faces. This is not a proper basis for the Court to reconsider its prior ruling. See Glendon Energy, 836 F. Supp. at 1122 ("It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through - rightly or wrongly.") (internal citations and quotations omitted).

Accordingly, IT IS ON THIS **17th** day of **February 2011**, **ORDERED** that Plaintiff's motion for reconsideration is **DENIED**.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE